# United States District Court

## for the

### Middle District of Florida

### Tampa Division

Case No. 8:22 cv 1955 WFJ-MRM

MARK B. BENSON
   (Pro Se)

      -v-

RON DESANTIS, Governor of Florida et al.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

## MOTION FOR A TEMPORARY RESTRAINING ORDER AND FOR A PRELIMINARY INJUNCTION

## Introduction

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Pro Se Plaintiff Mark B. Benson respectfully submits this Motion for a Temporary Restraining Order and for a Preliminary Injunction with a plea for an expedited decision.



# Table of Contents

Page

Introduction    1

Table of Contents    2

I.    Parties to the Complaint    3

     A. Plaintiff    3
     B. Defendants    3

II.    Jurisdiction and Venue    3

III.    Statement of Claim    5

IV.    Irreparable Injury    10

V.    Relief    10

VI.    Oath and Certification Signature Page    11

VII.    Pro Se Filing Address Certification    12

## Exhibits

Exhibit A    DHS Designation of Critical Infrastructure
Exhibit B    Election Fraud in the Sunshine State
Exhibit C    Spoliation Letter to Defendant Cord Byrd
Exhibit D    Spoliation Letter to Defendant Shirley Anderson
Exhibit E    Power Point Slides Featuring Portions of Sworn Affidavit by Dennis Montgomery
Exhibit F    Motion to Intervene and Lift Protective Order
Exhibit G    Letter in Support of Motion to Intervene from Mike Lindell
Exhibit H    Affidavit of Terpsehore Maras
Exhibit I    Affidavit of J. Alex Halderman
Exhibit J    Mesa County Colorado Voting Systems
Exhibit K    League of Women Voters Submission to Florida Lawsuit

# I    Parties to this Complaint

## A. Plaintiff

| | |
|---|---|
| Name | MARK BRADFORD BENSON |
| Street Address | 14288 Pullman Drive |
| | Spring Hill, Florida 34609 (Hernando County) |
| Telephone Number | 352-232-9292 |
| E-mail Address | bbenson722@aol.com |

## B. Defendants

| | |
|---|---|
| Name | RON DESANTIS |
| Job or Title | Governor of Florida |
| Street Address | 400 S. Monroe Street |
| | Tallahassee, FL 32399-0001 |

| | |
|---|---|
| Name | CORD BYRD |
| Job or Title | Florida Secretary of State |
| Street Address | R.A. Gray Building |
| | 500 South Bronough Street |
| | Tallahassee, Florida 32399 |

| | |
|---|---|
| Name | SHIRLEY ANDERSON |
| Job or Title | Supervisor of Elections, Hernando County, Florida |
| Street Address | 16264 Spring Hill Drive |
| | Brooksville, FL 34604 |

# II.    Jurisdiction and Venue

There exists an actual and justifiable controversy between the Plaintiff and the Defendants, which justifies resolution by this Court, since Plaintiff has no alternative remedies. Venue is proper before the United States District Court for the Middle District of Florida, Tampa Division, under 28 U.S.C. §1391(b)(2), since a substantial share of the events or omissions giving rise to this claim have occurred here.

The following additional rights, codes and rules of civil procedure profoundly bear upon this process.

## U.S Constitution 1st Amendment

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

## U.S Constitution 10th Amendment

The powers not delegated to the United States by the Constitution, nor prohibited by it to the states, are reserved to the states respectively, or to the people.

## U.S. Constitution 14th Amendment (Section 1)

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

## 28 U.S. Code 1331

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

## 28 U.S.C. § 1343

**(a)** The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
**(3)** To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

## 28 U.S.C. §1391

(b) Venue in General—A civil action may be brought in:
(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;

## 28 U.S.C. § 2201

**(a)** In a case of actual controversy within its jurisdiction..., any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

## 28 U.S.C. § 2202

Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

### FRCP Rule 65(b) Temporary Restraining Order

(1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition;

# III.   Statement of Claim

## A. Temporary Restraining Order

1) Plaintiff, Mark B. Benson, is a citizen of the United States and has voted in every election since 1972. Plaintiff resides in Hernando County, Florida and votes in the District in which Defendant, Shirley Anderson, serves as Supervisor of Elections.

2) Defendant Ron DeSantis is the current Governor of the State of Florida who has sworn an oath to protect the rights of the citizens of Florida.

3) Defendant Cord Byrd is the current Florida Secretary of State who has sworn an oath to ensure that the right to vote is protected for all citizens of Florida.

4) Defendant Shirley Anderson is the current Supervisor of Elections for Hernando County, Florida, who has sworn an oath to protect the right to vote for all citizens of Hernando County.

5) Plaintiff asserts that the 2020 General Election was stolen from Donald J. Trump, 45th President of the United States, and that numerous other lower level candidates were deprived of election victories, as a direct result of algorithmic manipulations of voting systems across

the Nation and through direct intervention of unnamed and unelected members of the United States Intelligence Community, specifically including the Department of Homeland Security (Exhibit A). If this is true in any single instance, "fraud vitiates everything" (United States vs. Throckmorton [98 US 61—Supreme Court 1878]).

6) While many examinations of the 2020 Election have focused upon individual voter fraud, mail in ballots, drop boxes and questionable funding provided by entities associated with Facebook/Meta CEO Mark Zuckerberg, efforts to examine systemic manipulation of the Nation's Elections Systems have been mired in complex cyber-coding issues. These are often largely incomprehensible to the public, the reviewing authorities and even the local Information Technology (IT) Specialists assigned to maintain the integrity of the voting systems.

7) In early 2021, Plaintiff researched what was then known in regard to systemic fraud in the 2020 Election and developed a pamphlet, entitled "Election Fraud in the Sunshine State", dated June 2021 (Exhibit B). Plaintiff disseminated this pamphlet widely to various Florida Officials, including, but not limited to: Defendants Ron DeSantis and Shirley Anderson; then Florida Secretary of State Laurel Lee; State Attorney General Ashley Moody; State Representative Blaise Ingoglia; State Senator Wilton Simpson; and the Hernando County Board of County Commissioners. No response was forthcoming.

8) In the 14 months since the publication of this Pamphlet, plaintiff has forwarded additional correspondence to Defendants DeSantis, Byrd and Anderson. These have largely been met with unsatisfactory responses or gone unacknowledged. Most recently, a formal spoliation letter, dated July 27, 2022, was hand-delivered to the Office of Defendants DeSantis and

Byrd on July 29, 2022 (Exhibit C) and delivered as an attachment to Defendant Shirley

Anderson in a letter, dated August 5, 2022 (Exhibit D).

9)  These documents were prepared to preclude the destruction of the 2020 Election

documentation in accordance with the "State of Florida, General Records Schedule—GS 3—

for Election Records", which permits the destruction of these key documents 22 months

following an election. Despite Plaintiff's entreaties that this evidence of a potential Federal

Crime should not be destroyed without appropriate forensic examination, Defendant

Anderson, various other Florida Supervisors of Elections and a representative of the Florida

Office of the Secretary of State have all indicated that they plan to move forward with the

document destruction, as scheduled, on or after September 3, 2022.

10) Until recently, Plaintiff sought access to these materials to:

- inspect them for the existence of vote secure ballot paper;
- check batch and ballot counts;
- ensure that storage containers were properly sealed; and
- to check marked ballots for evidence of computer marked circles (i.e. uniformity of markings, etc.).

11) On August 21, 2022, Mr. Mike Lindell, CEO of My Pillow, Inc., made a stunning

announcement during his "Moment of Truth Summit", which was aired on the

Frankspeech.com Network. During that presentation, he announced that he had purchased 37

Terabytes of data, which contain a complete cyber record of the 2020 Election.

12) Upon release, this information would permit a complete forensic analysis of the 2020

Election, as it occurred in real time. This data could then be compared to the information

currently retained by Election Supervisors and County Clerks across the Nation, and be used

to confirm or negate whether the 2020 Election was indeed stolen from Donald J. Trump or

any other candidates.

13) Mr. Lindell provided convincing evidence that the US Elections have been manipulated by US Intelligence Agencies for many years. This evidence was presented in the form of a power point presentation (Exhibit E), which featured the highlights of a sworn affidavit by former US Government Contractor, Dennis Montgomery, who developed the original programs, under contract to the CIA, NSA and FBI.

14) Mr. Montgomery believes that the information he obtained and provided to Mr. Lindell may be covered under a State Privilege Order filed by the US Government in 2007 (Case Nos.: 3:06-cv-00056-PMP-VPC and 3:06-cv-00145-PMP-VPC) and that he is entitled to compensation for the development of the original software; for the use of this software by the US Government to manipulate election outcomes in foreign countries and most recently in the United States; and for pain and suffering incurred at the hands of Federal Law Enforcement Agencies. Mr. Lindell is a defendant in a defamation case (US Dominion, Inc. et al. v. My Pillow, Inc. et al. [Case No. 1:21-cv-00445] in the U.S. District Court for the District of Columbia) and believes that the information under protective order could be used to prove his innocence. Both parties believe that this information (i.e., that U.S. Intelligence Agencies have been manipulating U.S. Elections, including the 2020 Presidential Election) should be made known to the American People.

15) Mr. Lindell filed a Memorandum in Support of a Motion to Intervene and to Lift Protective Order on August 20, 2022 (Exhibit F). Once lifted, the information released can be compared to existing 2020 Election Documentation, held by state and local authorities across all 50 States, including that currently held by Defendants DeSantis and Byrd for Florida, and Defendant Anderson, for Hernando County, FL, Plaintiff's voting district.

16) Plaintiff seeks a Temporary Restraining Order to preclude the planned destruction of evidence of a felony of National Proportions. Despite the fact that Donald J. Trump won Florida's Electoral Votes in the election of 2020, statistical analysis indicates that margin was much higher than that which was officially reported. This suggests that algorithmic manipulations may have changed the outcomes in a number of down-ballot electoral races, thereby depriving winning candidates of their right to serve the citizen majorities that voted for them (Exhibit G).

## B. Preliminary Injunction

17) Plaintiff respectfully motions this honorable court for a preliminary injunction to preclude the use of all election systems hardware and software in the State of Florida, pending the outcome of Mr. Lindell's above cited case. Recent polls indicate that roughly 60% of the American People have no trust in our elections. This percentage will only go higher unless a complete forensic investigation is undertaken by cyber experts. This investigation must include a state-by-state analysis of the data currently withheld under State Secret Privilege to the 2020 Election data currently retained by state and local election officials, which is slated for imminent destruction on September 3, 2022.

18) The involvement of the U.S. Intelligence Community in both foreign and domestic elections has previously been cited in various Federal District Court cases and in the Supreme Court of the United States. The sworn affidavit of Terpsehore Maras (Exhibit H) provides a short background history of her involvement in foreign elections as a contractor with the CIA.

19) The affidavit of Ms. Maras also provides conclusive proof that, since 2017, none of the machines, systems or commercial off-the-shelf software utilized in any U.S. Election,

whether National or local, has been properly inspected and certified in accordance with the standards established under the Help America Vote Act (HAVA) of 2002.

20) Plaintiff submits the supplemental affidavit of J. Alex Halderman (Exhibit I), which was filed in the U.S. District Court for the Northern District of Georgia Atlanta Division (Case No. 1:17-CV-2989-AT), as further evidence of the vulnerability of election systems in use in the State of Georgia. These same systems are utilized in various Florida Districts and the vulnerabilities are no less for the citizens of Florida than they are for the citizens of Georgia.

21) Plaintiff notes that the affidavit of Mr. Halderman is only a supplemental affidavit. The original was so devastating to the State of Georgia during the most recent election season that the court placed it under seal and it remains unavailable to the voting public.

22) Plaintiff submits the Mesa County Colorado Voting Systems Report #3 (Exhibit J), which outlines the vulnerabilities to election systems in the State of Colorado, which are no greater than those for the citizens of Florida.

## IV.    Irreparable Injury

23) The results of the 2020 Election have devastated this great Nation and, while the citizens of Florida may have suffered less than those who reside in other States, our children were forced to wear masks; our schools were essentially closed for a year; our businesses were shut down; our workforce was largely forced to take mandatory injections of experimental drugs; our ability to travel has been severely curtailed; and the cost of living has increased substantially.

## V.    Relief

24) The physical and fiduciary damages, which have accrued subsequent to the stolen election of 2020 are incalculable. Despite the well-publicized election "reforms" signed into law by Defendant Ron DeSantis, these new laws have adversely affected the old, the young and people

of color (Exhibit K). Nothing short of a return to hand-submitted and hand-counted paper ballots can restore the confidence of the people of Florida in our Republic, our State and our elected representatives.

## VI.   Oath and Certification

25) Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation to discover; and (4) the complaint otherwise complies with the requirements of Rule 11.

26) I further declare, under penalty of perjury, that the information provided in this this motion for relief is true and correct to the best of my knowledge.

Signature of Plaintiff _Mark B. Bens_____ Date _August 25, 2022_

Printed Name of Plaintiff _MARK B. BENSON_

14288 Pullman Dr.
Spring Hill, FL 34609

## VII.  Pro Se Filing

27) I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of this case.

Signature of Plaintiff _Mark S. Dene_ Date _August 25, 2022_